■ BARTON MARK PERLBINDER et al., Appellants, v BOARD OF MANAGERS OF THE EAST 53RD STREET CONDOMINIUM, Respondent. [62 NYS3d 110]—

Judgment, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered May 24, 2016, bringing up for review an order, same court and Justice, entered April 21, 2016, which, to the extent appealed from as limited by the briefs, granted defendant's motion for summary judgment on its first, second, third and fifth counterclaims; ordered and declared that plaintiffs have an immediate obligation to repair existing damage in the garage unit at 411 East 53rd Street in Manhattan, to cure all issued and outstanding violations, and to maintain the garage unit; denied plaintiffs' motion to amend their answer to defendant's counterclaims; and, upon renewal, denied plaintiffs' prior motion for summary judgment on their

complaint and on the first, second, third and fifth counterclaims; and bringing up for review an order, same court and Justice, entered on or about July 21, 2014, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion for summary judgment, unanimously affirmed, with costs. Appeal from the aforesaid orders, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

This appeal was timely filed, despite the fact that the initial notice of appeal was returned by the Clerk due to an error and was not refiled until more than 30 days later. The initial filing was sufficient for jurisdictional purposes, and the correction was not consequential (*see* CPLR 5520 [c]). Moreover, plaintiffs filed their pre-argument statement and the orders that are the subject of the appeal at the same time as the initial notice of appeal, thus providing defendant with notice (*see* 22 NYCRR 202.5-b [f] [2] [ii]).

Supreme Court correctly concluded that plaintiffs were responsible for maintenance of the garage, given their judicial admission in their answer to the counterclaims that they were the sole owners of the unit and were entitled to exclusive possession of it; an August 13, 2012 letter from their counsel to defendant asserting their ownership of the garage; and article 6 (c) of the declaration and section 5.1 (A) (i) of the bylaws.

Supreme Court also correctly found that, based on plaintiffs' admissions, the damages to the garage resulted from salt and chlorides tracked into it by vehicles, and that plaintiffs had made minimal effort over the years to maintain or repair it.

Plaintiffs' request for leave to amend their answer to defendant's counterclaims is denied as moot.

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Richter, J.P., Gische, Kapnick, Kahn and Kern, JJ.